ST. PAUL, J.
 

 Stripped of unessential details, the case presented is this:
 

 Plaintiff, acting for himself and four others, entered into an agreement to purchase, “if a good and merchantable title can be made,” from one Clower, who promised to sell, a certain piece of real estate in Mississippi, at a certain price and on certain terms, not pertinent here.
 

 Three days ■ later plaintiff sold to defendant his interest in the contract, taking in payment defendant’s note for $2,500, payable “at the time of act of sale.” Whereupon, in the words of the district judge, “Klein (the defendant) and his associates, coming to believe there was no profit in the transaction, abandoned it.” And Klein now refuses to pay the note he gave plaintiff, alleging as one reason that the suit is premature since the act of sale has never been passed.
 

 I.
 

 Giving defendant the most that he can possibly claim,'to wit, that the passing of the act of sale was a condition precedent (suspensive) to the right to recover on the note, then (if the title to the property was good and merchantable) defendant, by refusing to pass the act of sale, has himself made the condition impossible, and is therefore bound at once. R. C. C. art. 2040. Of course, there is no question of potestative condition here, for there can be no true potestative condition where the alleged condition was something which the party obligated thereunder has
 
 hound himself
 
 to do or not to do. R. C. C. art. 2035. And defendant, when he acquired plaintiff’s interest in the contract, took it (at least as to plaintiff) with all its obligations, including that of taking the title, if good and merchantable, and paying the price in the place and stead of plaintiff.
 

 II.
 

 Glower had unquestionably
 
 in fact
 
 a good and merchantable title to the property. It appears, however, that he produced
 
 an ah
 
 
 *509
 

 straat
 
 of title thereto which was open to some objections.
 

 In some jurisdictions the rule seems to be the vendor must tender to the purchaser (if the contract so provides) an unobjectionable
 
 abstract of title,
 
 and, failing in this, the purchaser may recede from the contract, even though the vendor’s title be
 
 in fact
 
 unobjectionable. The evidence in this case does not, however, show that this is the law in Mississippi; but, even if it were, that would avail defendant nothing. What the defendant bought from plaintiff, and what he had a right to expect, was the right and privilege to acquire, by good and merchantable title, a one-fifth interest in the Mississippi property; and that is what was surrendered by plaintiff and received by him; since the title was in fact good and merchantable. And if, having received such right and privilege, he chose for some reason satisfactory to himself not to take advantage of his privilege and exercise the right thus received, it was his concern alone and not that of plaintiff, and he cannot now complain when called upon to pay the price of the right and privilege which he has bought of plaintiff and which plaintiff has surrendered to him.
 

 III.
 

 The note sued upon provided for 10 per cent, attorneys’ fees on the capital (amount) thereof in case of suit. This was overlooked by the trial judge, and plaintiff has asked to amend the judgment accordingly; which will be done.
 

 Decree.
 

 For the reasons assigned, the judgment appealed from is amended by allowing plaintiff 10 per cent, on the capital amount of the note sued upon as attorney’s fees; and, as thus amended, said judgment is affirmed at the cost of defendant in both courts.